UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CARRASCO

        CASE NO. 07-CR-20312
   Petitioner,        CASE NO. 08-CV-15311

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA        MAG. JUDGE PAUL J. KOMIVES

   Respondents.
_____/

**ORDER**
**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R), AND DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. §2255**
**(2) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY**

<u>BACKGROUND</u>

Petitioner was charged in a four-count indictment with:

(1) coercion and enticement of an individual under 16 years of age to engage in sexual activity in violation of 18 U.S.C. §2422(b);

(2) travel with intent to engage in illicit sexual contact in violation of 18 U.S.C. §2423(b); (3) transportation or shipment of child pornography in violation of 18 U.S.C. §2252A;

(4) possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B).

On December 12, 2007, Petitioner pleaded guilty to Counts I and IV. On May 28, 2008, Petitioner was sentenced to a term of 188 months imprisonment on Count I, and to a concurrent term of 120 months imprisonment on Count IV.

1

On December 29, 2008, Defendant filed this Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. On the §2255 Form, Petitioner set forth his request for the following relief: "a downward departure or modification of sentence due to extraordinary and compelling reasons (violation of 4th amendment)." The form's relief request provision thereafter contains the following printed boilerplate language: "or any other relief to which movant may be entitled." §2255 Motion, P.14.

Petitioner's grounds for relief are listed as:

1. Illegal Search and Seizure, §2255 Motion, P.5
2. Counsel Ineffective, §2255 Motion, P.6
3. New Witness and/or Evidence, §2255 Motion, P.8

DISCUSSION

Petitioner's claims relate solely to Count IV: the warrantless search of his motel room that produced the computers containing child pornography that formed the basis for Count IV: possession of child pornography.

Petitioner claims that his consent for the search was not requested until after the search/seizure, and therefore his counsel should have proceeded with a previously-filed Motion to Suppress based on a search in violation of the Fourth Amendment. Petitioner's counsel withdrew the motion to suppress just prior to his guilty pleas.

Petitioner claims that the motion would have been successful because (1) the underage victim would likely have testified to a timeline supporting his claim that the search took place prior to his consent, and (2) police logs, turned up after his pleas of guilty, would have been introduced showing that the police arrived at the scene earlier than they claimed in statements to his counsel, further supporting this claim.

Petitioner's sentencing hearing spanned two dates; April 28 and May 29, 2008. At the first sentencing hearing, as noted in the R&R, Petitioner's attorney stated that due to the nature of the charges, he did not contact the victim to investigate the search scenario. "Frankly, I don't know if I made a mistake in this case, but I failed to contact the victim or tried to contact the victim because the victim was a minor, because she was in counseling, because she has guardians and parents. I may have made a mistake in this case . . . " Defense counsel stated that in withdrawing the motion to suppress, he had relied on oral statements made to him by the 5 or 6 police officers involved in the search, that they did not begin the search until after Petitioner gave consent. Defense counsel stated that based on this conversation with the officers, he concluded that the motion to suppress was "not going anywhere", so he started plea negotiations which culminated in pleas to Counts I and IV on December 12, 2007.

At this first sentencing hearing, counsel for Petitioner further commented on his conduct in the case, as quoted in the R&R. He stated that after Defendant had entered his pleas of guilty, counsel had an investigator examine the police logs who concluded that the logs showed that police arrived at the motel 20 minutes earlier than police had been previously stated to him. Counsel also stated that he spoke to the victim who stated that the search appeared to take place earlier than the time stated on Petitioner's consent waiver.

Taking Petitioner's argument as a whole, his strongest claim is that his counsel rendered ineffective assistance when, after receiving the post-plea information noted above, as commented on at the first sentencing hearing, he did not, prior to the actual sentencing at the second hearing, move to withdraw Petitioner's plea and proceed with the motion to suppress, which if successful, would have resulted in the suppression of the evidence supporting Count IV.

When he decided to withdraw the motion to suppress the evidence that formed the basis for Count IV, defense counsel had been informed by the arresting/searching officers of their testimony: that Petitioner consented to the search prior to any search. The only other potential witness was the minor victim of Petitioner's sexual activity, who (1) was in therapy, (2) had been in love with petitioner, (3) was a ward of her parental guardians, and (4) whose calls with the incarcerated Petitioner were taped by authorities, and evidenced petitioner encouraging her to "change her story to support him and to write letters on his behalf, as well as to 'play their game' so that he could get out of prison." R&R P.8.

Thus her potential testimony would have been subject to cross examination with regard to her motivation, her conduct with Petitioner, and the likely introduction of the calls relating to Petitioner's attempt to obstruct justice through her testimony. However, even if counsel had been successful in the motion to suppress, that, at best, would have impacted only Count IV, which resulted in a lesser sentence (120 months) than Count I (188 months).

Thus, at best, Petitioner would remain convicted of Count I, and incarcerated for 188 months; there is no support for Petitioner's request for "a downward departure or modification of sentence."

Even if a reviewing court could find ineffective assistance of counsel as to Count IV, that would not support Petitioner's claim of ineffective assistance of counsel because he must also establish prejudice: "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Accordingly, the Court denies Petitioner's motion for "a downward departure or

modification of sentence due to extraordinary and compelling reasons (violation of the 4th Amendment)."

CERTIFICATE OF APPEALABILITY (COA)

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that Petitioner is not entitled to a certificate of appealability given that reasonable jurists would not debate the Court's conclusion that since the §2255 motion does not deal with Count I, there is no basis for a downward departure or modification of that sentence of 188 months of incarceration.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 14, 2010.

s/Denise Goodine
Case Manager